UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Elwaldo R. James, #200848, *aka* Calvin B. Smith, | ) C/A No. 4:05-1294-TLW-TER ) ) |
| Petitioner, | ) ) |
| vs. | ) Report and Recommendation ) |
| Jon E. Ozmint, Director, SC Department of Corrections; Henry D. McMaster, Attorney General of SC; and Warden, Lieber Correctional Institution, | ) ) ) ) |
| Respondents. | ) ) ) |

The petitioner, Elwaldo R. James, also known as Calvin B. Smith (Petitioner), proceeding *pro se*, brings this action for habeas relief.[1] Petitioner is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner requests a writ of habeas corpus in connection with the calculation of the length of his consecutive sentences. The petitioner alleges that he was sentenced to only two consecutive ten-year sentences, but SCDC has calculated the length of his sentence to total thirty-five years. The petitioner requests habeas corpus relief based on SCDC's erroneous calculation of his sentence.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, (1992);

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).  This court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the plaintiff's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under these less stringent standards, however, the petition submitted in the above-captioned case is subject to summary dismissal for failure to exhaust state court remedies.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1).  With respect to the duration of his imprisonment, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and a writ of habeas corpus under 28 U.S.C. § 2241, both of which can be sought only after Petitioner has exhausted his state court remedies.  *See* 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241).  To begin the state remedies exhaustion process for prison institutional decisions, such as the calculation of a sentence, a

petitioner must file an appeal from the institutional grievance process with the South Carolina Administrative Law Court. See Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000). In the past, state prisoners filed an application for post-conviction relief in the Court of Common Pleas in the County in which they were convicted in order to begin the exhaustion process. On February 14, 2000, the Supreme Court of South Carolina changed the way that a prison inmate should exhaust his or her state remedies with respect to SCDC's "final decision in a non-collateral or administrative matter, i.e., one in which an inmate does not challenge the validity of a conviction or sentence." Al-Shabazz at 368, 527 S.E.2d at 749.

Petitioner's recourse for his claim that his sentence has been miscalculated is now governed by the South Carolina Supreme Court's decision in Al-Shabazz, supra. This decision determined that an inmate claim which does not challenge the validity of a conviction or sentence must proceed through the process detailed therein, which includes the South Carolina Administrative Procedures Act (APA) at S.C. Code Ann. § 1-23-310, *et seq.* The court noted that requiring review through the APA would provide an "orderly and consistent framework for resolving such matters ... [which] typically arise in two ways: ... (2) when an inmate believes prison officials have erroneously calculated his sentence[.]" Al-Shabazz at 369, 527 S.E.2d at 750. The Al-Shabazz case applies "to all PCR actions filed and all administrative matters in which [SCDC] renders a final decision after the date of this opinion." Id. at 384, 527 S.E.2d at 758. The court provided for appellate review of the decision of the ALC through the process established by the APA. See id. 378-79, 527 S.E.2d at 755.

The petition indicates Petitioner filed an appeal of his institutional grievance to the South Carolina Administrative Law Court (ALC), which was denied on procedural grounds. Petitioner

3

has not appealed the decision of the ALC concerning the alleged miscalculation of his sentence by the SCDC. As a result, the grounds raised in the petition have not been considered and addressed by tribunals of the State of South Carolina. The petitioner has not exhausted the state remedies available to him for his claim of miscalculation of his sentence. The petition should be dismissed because the petitioner has failed to exhaust state remedies.[2]

### Recommendation

It is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without service of process upon the respondents. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the following important notice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 27, 2005
Florence, South Carolina

---

[2] Even if exhausted, a second petition under § 2254 must be authorized by the United States Court of Appeals for the Fourth Circuit. "Before a second or successive application [for a writ of habeas corpus under § 2254] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244.

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**