IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ELWALDO R. JAMES, a/k/a CLAVIN B. SMITH, | ) ) ) | C/A No. 4:05-cv-1294-TLW-TER |
| Petitioner, | ) ) ) | |
| vs. | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| JON E. OZMINT, DIRECTOR, SC DEPARTMENT OF CORRECTIONS; HENRY D. McMASTER, ATTORNEY GENERAL OF SC; AND WARDEN, LIEBER CORRECTIONAL INSTITUTION, | ) ) ) ) ) ) ) | |
| Respondents. | ) ) | |

Petitioner, Elwaldo James, ("petitioner/James"), filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 19, 2005. Respondents filed a motion for summary judgment on January 17, 2006, with supporting memorandum, affidavit, and exhibits. (Doc. # 19). The undersigned issued an order filed January 18, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner failed to file a response to respondents' motion for summary judgment. However, petitioner filed a motion for summary judgment on February 28, 2006, and respondents filed a reply on March 20, 2006. Petitioner also filed a motion

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

for summary judgment on December 29, 2005, to which the respondents filed a response in opposition on January 17, 2006.

## I.  PROCEDURAL HISTORY

The procedural history as set forth by respondents in their memorandum has not been seriously disputed by petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by respondents.

On September 17, 1993, petitioner was sentenced by the Honorable John C. Hayes to twenty-five years for trafficking in crack cocaine. On January 19, 1996, the Honorable Paul E. Short sentenced petitioner to ten years for possession of crack cocaine. The sentencing document for this charge states petitioner was to receive credit for time served starting February 15, 1993. (*See* respondents' exhibits A and B). Also, in January 19, 1996, Judge Short sentenced petitioner to ten years for resisting arrest. (*See* respondents' exhibit C). The sentencing order for this charge indicates only that it was to run consecutive. *Id*. Neither the possession nor the resisting arrest sentencing documents mention the previous sentence for trafficking.

On March 4, 2002, petitioner filed a grievance with his institution's Inmate Grievance Coordinator challenging the SCDC's calculation of his sentence.  (Affidavit of Mary Coleman). Petitioner asserts that his possession and resisting arrest sentences should run concurrently with this trafficking sentence. Petitioner received the SCDC's final decision denying his grievance on May 1, 2002, and appealed to the Administrative Law Court. (Affidavit of Mary Coleman). On July 17, 2002, the Administrative Law Court issued its Order of Dismissal. Respondents assert that they are unaware of any appeal of this Order to the South Carolina Circuit Court.

## II. ANALYSIS

In the instant petition, petitioner maintains that he was sentenced to two consecutive ten-year sentences, but the SCDC has calculated the length of his sentence to total thirty-five years. Petitioner requests habeas corpus relief based on SCDC's erroneous calculation of his sentence.

First, it is noted that respondents filed a response to plaintiff's second motion for summary judgment on March 20, 2006. In this response, respondents state as follows:

> . . . SCDC personnel relied upon the sentencing orders signed by Judge Short to determine James' sentence. However, upon notification of James' allegations in this matter, SCDC personnel obtained a complete copy of James' trial transcript. Upon review, it was determined that the sentencing orders did not accurately reflect the judge's sentencing instructions at James' trial. James' record was changed and now reflects a twenty-five year sentence and a projected max-out date of October 16, 2006. (Affidavit of James E. Brennan, Jr; Release Date Screen). James is not entitled to an immediate release from prison. Therefore, James' Motion for Summary Judgment should be denied and his Petition for Writ of Habeas Corpus should be dismissed as moot.

(Doc. # 23).

Respondents attached a copy of petitioner's new release date screen which reflects the change that his maxout date is now October 16, 2006. Petitioner has not filed anything in this case since respondents' response of March 20, 2006.

Respondents filing states that there was error in the sentencing orders which have now been corrected indicating that petitioner's maxout date has now been changed to October 16, 2006, based on petitioner's trial transcript. Therefore, it is recommended that petitioner's motions for summary judgment (doc. # 17 and #22) and respondents' motion for summary judgment (doc. # 19) be denied as the issue is now MOOT.

In the alternative, the undersigned concludes that the petition should be dismissed for failure to exhaust. With respect to his convictions and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); Picard v. Connor, 404 U.S. 270 (1971); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). To begin the state remedies exhaustion process for prison institutional decisions, such as the calculation of a sentence, a petitioner must file an appeal form the institutional grievance process with the South Carolina Administrative Law Court. See Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000). In the past, state prisoners filed an application for post-conviction relief in the Court of Common Pleas in the County in which they were convicted in order to begin the exhaustion process. On February 14, 2000, the Supreme Court of South Carolina changed the way that a prison inmate should exhaust his or her state remedies with respect to SCDC's "final decision in a non-collateral or administrative matter, i.e., one in which an inmate does not challenge the validity of a conviction or sentence. Id. at 368.

Therefore, petitioner's claim is governed by the South Carolina Supreme Court's decision in Al-Shabazz, supra. This decision determined that an inmate claim which does not challenge the validity of a conviction or sentence must proceed through the process detailed therein, which includes the South Carolina Administrative Procedures Act (APA) at S.C. Code Ann. §1-23-310, *et seq*. The court noted that requiring review through the APA would provide an "orderly and consistent framework for resolving such matters . . . [which] typically arise in two ways: . . . (2)

when an inmate believes prison officials have erroneously calculated his sentence." Al-Shabazz at 369.

Based on the evidence before the court, petitioner filed an appeal of his institutional grievance to the South Carolina Administrative Law Court (ALC), which was denied on procedural grounds. Petitioner has not appealed the decision of the ALC concerning the alleged miscalculation of his sentence by the SCDC. Thus, petitioner has not exhausted the state remedies available to him. Therefore, it is recommended that respondents' motion for summary judgment be granted to the extent that petitioner has failed to exhaust his state remedies.[2]

---

[2] If this Court were to dismiss the case for failure to exhaust the administrative remedies, the time to appeal the ALJ's decision in circuit court has passed. Therefore, petitioner has technically exhausted his state remedies.

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

Even though petitioner has technically exhausted his state remedies, the undersigned concludes that the petition is procedurally barred from habeas review. A petitioner must demonstrate cause for his state court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the claim's merits. As previously stated, the Administrative Law Court dismissed petitioner's appeal due to his

III. <u>CONCLUSION</u>

Accordingly, it is recommended that respondents' motion for summary judgment (document # 19) and petitioner's motions for summary judgment (Documents #17 & 22) be DENIED as the issue is now MOOT.

In the alternative, it is recommended that respondent's motion for summary judgment be granted but only to the extent that petitioner has failed to exhaust his administrative remedies.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 10, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

failure to file and serve his appeal on the SCDC within the required time frame. Petitioner did not file a response to respondents' motion for summary judgment. However, in the memorandum in support of petitioner's motion for summary judgment, petitioner states that "the ALC order denying his application for institutional grievance relief was contrary to or involved an unreasonable application of federal law, as clearly established by the Supreme Court in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), and that he is accordingly entitled to habeas relief from the federal courts." Petitioner has not set forth sufficient cause for not filing an appeal from the ALJ's decision to the circuit court. Without cause, the undersigned does not look at prejudice.

6

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
