IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ELWALDO R. JAMES, a/k/a ) <br> CALVIN B. SMITH, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JON E. OZMINT, Director, S.C. ) <br> Department of Corrections; ) <br> HENRY D. MCMASTER, Attorney ) <br> General of S.C.; and Warden, ) <br> Lieber Correctional Institution, ) <br> ) <br> Respondents. ) <br> _____) | Civil Action No. 4:05-1294-TLW <br><br> **ORDER** |

Petitioner brought this matter pursuant to 28 U.S.C. 2254, seeking a writ of habeas corpus. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondents' Motion for Summary Judgment (Document # 19) and Petitioner's Motions for Summary Judgment (Documents # 17, 22) be denied as the issue is now moot. In the alternative, the Magistrate Judge recommends that Respondents' Motion for Summary Judgment (Document # 19) be granted and this case dismissed for Petitioner's failure to exhaust his administrative remedies.

The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 10, 2006.  Objections to the Report were due July 27, 2006.  Petitioner's objections were received by the Court and filed on July 28, 2006.  Despite Petitioner's failure to timely file his objections, out of an abundance of caution, this Court has reviewed and will address those objections below.

Petitioner sets forth many objections, few of which actually address findings of the Magistrate Judge that are relevant to his recommendation.[1]  Therefore, only those objections that could affect the disposition of the motions presently before the Court will be discussed.

In his "Third Objection," Petitioner objects to "paragraph one, page two, lines 1-2," in which the Magistrate Judge finds that "the procedural history as set forth by respondents in their memorandum has not been seriously disputed by petitioner."  However, Petitioner fails to state with specificity the portions of the procedural history that he disputes.   Vague objections do not point to a specific error in the Magistrate Judge's proposed findings, and, thus, "[c]ourts have . . . held de novo review to be unnecessary" when no specific objections are filed.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982).  Therefore, this Court finds this objection to be without merit.

In Petitioner's "Eighth Objection," he asserts that, under 28 U.S.C. § 2241, there is no requirement that state remedies be exhausted.  Petitioner cites Monroe v. Pipe, 365 U.S. 167 (1961) for this proposition.  However, the more recent case of Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973) clearly sets forth that exhaustion is required in both § 2254 and § 2241 cases.  Thus, the Court overrules this objection.

---

[1]For example, citing Houston v. Lack, 487 U.S. 266 (1998), Petitioner objects to several of the filing dates noted by the Magistrate Judge.  However, since no where in the Report does the Magistrate Judge recommend a finding that Petitioner's documents were untimely filed, such objections are of no moment.

In the alternative, Petitioner sets forth that all of his state court remedies have been adequately exhausted. However, Petitioner provides no support for this conclusory allegation, and the record reflects that the Petitioner failed to file an appeal from the decision of the South Carolina Administrative Law Court concerning the alleged miscalculation of his sentence by the South Carolina Department of Corrections. Thus, this objection is overruled as well.

In conclusion, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court adopts the findings of the Magistrate Judge in the Report and incorporates those findings herein. Accordingly, it is the judgment of this Court that Respondent's Motion for Summary Judgment (Document # 19) be **GRANTED** and this case dismissed for Petitioner's failure to exhaust his administrative remedies. As such, Petitioner's Motions for Summary Judgment (Documents # 17, 22) are hereby rendered moot.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
UNITED STATES DISTRICT JUDGE

August 21, 2006
Florence, South Carolina